IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| DEMARIO LANE, | ) | CASE NO. 1:20-CV-00453-DCN |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | UNITED STATES DISTRICT JUDGE |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| WARDEN LYNEAL WAINWRIGHT, | ) | CARMEN E. HENDERSON |
| | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant, | ) | |

## I. Introduction

Petitioner, Demario Lane, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Lane is an Ohio inmate currently serving a twenty-year sentence for involuntary manslaughter and aggravated robbery. Lane asserts one ground for relief. (ECF No. 1). This matter was referred to me under Local Rule 72.2 to prepare a report and recommendation on Lane's petition and other case-dispositive motions. Because Lane's claim is barred by the statute of limitations, I recommend that the Court dismiss his petition and not grant him a certificate of appealability.

## II. Relevant State Procedural History

### A. Indictment

On January 30, 2013, Lane was indicted for:

> Two counts of Aggravated Robbery in violation of Ohio Rev. Code § 2911.01(A)(1), a first-degree felony, with one-year and three-year firearm specifications.

>One count of Aggravated Robbery in violation of Ohio Rev. Code § 2911.01(A)(3), a first-degree felony, with one-year and three-year firearm specifications.
>
>One count of Kidnapping in violation of Ohio Rev. Code § 2905.01(A)(2), a first-degree felony, with one-year and three-year firearm specifications.
>
>Two counts of Having Weapons Under Disability in violation of Ohio Rev. Code § 2923.13(A)(2), a third-degree felony.
>
>One count of Aggravated Murder in violation of Ohio Rev. Code § 2903.01(A), with one-year and three-year firearm specifications.
>
>One count of Aggravated Murder in violation of Ohio Rev. Code § 2903.01(B), with one-year and three-year firearm specifications.
>
>One count of Murder in violation of Ohio Rev. Code § 2903.02(A), with one-year and three-year firearm specifications.
>
>Two counts of Murder in violation of Ohio Rev. Code § 2903.02(B), with one-year and three-year firearm specifications.
>
>One count of Attempted Murder in violation of Ohio Rev. Code §§ 2923.02, 2923.02(A), a first-degree felony, with one-year and three-year firearm specifications.
>
>One count of Felonious Assault in violation of Ohio Rev. Code § 2903.11(A)(1), a second-degree felony, with one-year and three-year firearm specifications.
>
>Two counts of Felonious Assault in violation of Ohio Rev. Code § 2903.11(A)(2), a second-degree felony, with one-year and three-year firearm specifications.

(ECF No. 10-1, PageID #: 69–92).

### B. Guilty Plea

On July 11, 2013, Lane pled guilty to:

>One count of Aggravated Robbery in violation of Ohio Rev. Code § 2911.01(A)(1), with a three-year firearm specification
>
>One count of Involuntary Manslaughter in violation of Ohio Rev. Code § 2903.04(A), with a one-year firearm specification

(ECF No. 10-1, PageID #: 94). On December 18, 2013, the trial court sentenced Lane to a total of twenty years imprisonment and five years of post-release control supervision. (ECF No. 10-1, PageID #: 95).

### C. Delayed Direct Appeal

Nearly six years later, on August 19, 2019, Lane filed a pro se notice of appeal. (ECF No. 10-1, PageID #: 86). He filed a motion for leave to file a delayed appeal. (ECF No. 10-1, PageID #: 105). Lane alleged that he did not file a timely appeal because:

> Defendant-Appellant states under oath that before and after he accepted the plea agreement, he was "never" advised by his attorney, [n]either was he advised by the judge that he could in fact appeal the sentence after pleading guilty as stated in Crim.R. 32(B)(2) and Crim.R. 32(B)(3). The Defendant-Appellant states that he was sentenced contrary to law as it speaks in R.C. 2941.25(A) and he was never allowed allocution pursuant to Crim.R. 32(A)(1). Defendant-Appellant states under oath that he was advised of these rights on 8/12/19 by Jail-House Litigants while being confined at the Marion Correctional Institution. Therefore, by the Defendant-Appellant being deprived of such, this also violates his Constitutional Rights as explained in the 14th Amendment section (1) – due process.

(ECF No. 10-1, PageID #: 108). On September 25, 2019, the Eighth District Court of Appeals of Ohio summarily denied Lane's motion for leave to file delayed appeal. (ECF No. 10-1, PageID #: 121).

### D. Appeal to Ohio Supreme Court

On October 8, 2019, Lane filed a notice of appeal in the Ohio Supreme Court. (ECF No. 10-1, PageID #: 125). Lane's memorandum in support of jurisdiction raised the following propositions of law:

> I. The trial court denied the Appellant his Constitutional Right of Allocation per Crim. R. 32(A)(1)

> II. The Appellant's sentence conform [sic] with the provisions of law as it speaks in R.C. 2941.25(A)
>
> III. The trial court nor defendant's appointed attorney advised defendant of his right to appeal after entering a guilty plea which violates Crim. R. 32(B)(2) and (B)(3)
>
> IV. The Defendant-Appellant's sentence in CR-13-571165-A violates the 14th Amendment Section (1) – Due Process Clause

(ECF No. 10-1, PageID #: 131–32). On January 21, 2020, the Supreme Court of Ohio declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4). (ECF No. 10-1, PageID #: 136).

### III. Federal Habeas Corpus Proceedings

On February 19, 2020, Lane petitioned pro se that this Court issue a writ of habeas corpus. (ECF No. 1). Lane asserted one ground for relief:

> **Ground One:** Crim. R. 32(A) Allocution, Petitioner was told to shut up
> **Supporting Facts:** Petitioner has a right under the 14th Amend. to allocutions before sentencing. Petitioner was not advised of his right to appeal after entering a guilty plea, Petitioner's sentence fails R.C. 2941.25(A)

(ECF No. 1). Respondent filed the return of writ on August 7, 2020. (ECF No. 10). Lane filed a traverse on October 13, 2020. (ECF No. 13).

### IV. Legal Standard

#### A. Jurisdiction

District courts may entertain an application for a writ of habeas corpus "on behalf of a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(b). A state prisoner may file a § 2254 petition in the "district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him." 28 U.S.C. § 2241(d). The Cuyahoga County Court of Common Pleas sentenced

Lane, and Cuyahoga County is within this Court's geographic jurisdiction. Accordingly, this Court has jurisdiction over Lane's § 2254 petition.

**B.     Cognizable Federal Claim**

Under 28 U.S.C. § 2254(a), a state prisoner may challenge his custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A petitioner's claim is not cognizable on habeas review if it "presents no federal issue at all." *Bates v. McCaughtry*, 934 F.2d 99, 101 (7th Cir. 1991). Thus, "errors in application of state law . . . are usually not cognizable in federal habeas corpus." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (citing *Walker v. Engle*, 703 F.2d 959, 962 (6th Cir. 1983)); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A federal habeas court does not function as an additional state appellate court; it does not review state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) (citing *Oviedo v. Jago*, 809 F.2d 326, 328 (6th Cir. 1987)). Instead, "federal courts must defer to a state court's interpretation of its own rules of evidence and procedure" in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir. 1985)). Moreover, "the doctrine of exhaustion requires that a claim be presented to the state courts under the same theory in which it is later presented in federal court." *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (citations omitted).

**C.     AEDPA Standard of Review**

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), provides in relevant part:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

To determine whether relief should be granted, the Court must use the "look-through" methodology and look to the "last explained state-court judgment" on the petitioner's federal claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991) ("The essence of unexplained orders is that they say nothing. We think that a presumption which gives them no effect—which simply 'looks through' them to the last reasoned decision—most nearly reflects the role they are ordinarily intended to play."); *Wilson v. Sellers*, 138 S. Ct. 1188, 1193 (2018) ("We conclude that federal habeas law employs a 'look through' presumption.").

"A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (alterations in original) (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). "Clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme] Court's decisions." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotations and citations omitted). "[U]nder the unreasonable application clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted). "The unreasonable application clause requires the state

court decision to be more than incorrect or erroneous"—it must be "objectively unreasonable." *Id.* (citations omitted).

Under § 2254(d)(2), "when a federal habeas petitioner challenges the factual basis for a prior state-court decision rejecting a claim, the federal court may overturn the state court's decision only if it was 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Burt v. Titlow*, 571 U.S. 12, 18 (2013) (quoting 28 U.S.C. § 2254(d)(2)). A state-court decision is an "unreasonable determination of the facts" under § 2254(d)(2) only if the trial court made a "clear factual error." *Wiggins v. Smith*, 539 U.S. 510, 528 (2003). A state court's factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Even if "[r]easonable minds reviewing the record might disagree" about the finding in question, "on habeas review that does not suffice to supersede the trial court's . . . determination." *Rice v. Collins*, 546 U.S. 333, 341–42 (2006). The prisoner bears the burden of rebutting the state court's factual findings "by clear and convincing evidence." *Burt*, 571 U.S. at 18 (citing 28 U.S.C. § 2254(e)(1)).

For state prisoners, the § 2254(d) standard "is difficult to meet . . . because it is meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). This is because, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Id.* at 102 (citations omitted). "It preserves authority to issue the writ in cases where there is no possibility [that] fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents" and "goes no further." *Id.* Thus, in order to obtain federal habeas corpus relief, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well

understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103.

V. **Discussion**

    A. **Lane's Petition is Barred by the Statute of Limitations**

Lane argues that he was not advised of his right to appeal from his conviction in violation of Ohio Rev. Code § 2941.25(A). He suggests that he has a 14th Amendment right to allocutions before sentencing. Respondent asserts that Lane's petition should be dismissed as time barred.

The AEDPA provides a one-year limitations period in a habeas action. Under 28 U.S.C. § 2244(d)(1), the limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

In the instant matter, 28 U.S.C. § 2244(d)(1)(A) creates the relevant limitations period. Thus, to be timely, Lane was required to file his petition one year after his state court conviction became final—either through the conclusion of direct review or the expiration of the time for seeking review. Lane pled guilty on December 8, 2013. Ohio App. R. 4(A) provided Lane 30 days to appeal from his conviction. Lane failed to appeal within the 30 days. His conviction, therefore, became

final on January 7, 2014. Lane then had until January 7, 2015 to file a habeas petition in this court. Lane filed his petition on February 19, 2020—more than five years after the expiration period ended.

Lane argues that the statute of limitations period did not end until one year after the court of appeals denied his motion to file a delayed appeal, making his petition timely. However, this is inaccurate understanding of the law. Lane's delayed appeal had the ability to toll the statute of limitations had it been filed during the limitations period, but not the ability to revive the limitations period after the fact. Because he filed for delayed appeal after the expiration of the limitations period, it plays no role in the timeliness of his petition. *See Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002). Accordingly, Lane's habeas petition was not timely filed.

### B. Lane is not Entitled to Equitable Tolling

The AEDPA's limitations period is subject to equitable tolling. *See Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005). To be entitled to equitable tolling, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citations and quotations marks omitted). Such relief "should only be granted sparingly." *Souter*, 395 at 588 (citations omitted). "Typically, equitable tolling only applies when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561–62 (6th Cir. 2000). "A prisoner's pro se incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or legal materials do not provide sufficient justification to apply equitable tolling of the statute of limitations." *Lacking v. Jenkins*, No. 2:15-cv-3069, 2016 WL 4505765, at *4 (S.D. Ohio Aug. 29, 2016). A credible showing of actual innocence is grounds for

granting equitable tolling. *Steward v. Wilson*, 555 F. Supp. 2d 858, 870–71 (N.D. Ohio 2006). "The petitioner bears the burden of demonstrating he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Lane argues that he was not informed that he could appeal his conviction. Then, on or about August 12, 2019, someone at the Marion Correctional Institute reviewed Lane's legal documents and informed him that the state failed to notify him of his right to appeal his conviction. (ECF No. 13 at 6). Lane filed a delayed appeal seven days later. Respondent suggests that Lane has not met his burden of showing entitlement to equitable tolling because Lane took no action on his case for nearly six years, failing to show any reasonable diligence. The Court agrees.

Importantly, Lane has failed to show that he acted with reasonable diligence as more than five years passed before Lane took any action in his case. *See Deavers v. Buchanan*, No. 2:12-CV-769, 2013 WL 4479075, at *4 (S.D. Ohio Aug. 20, 2013) (concluding that a petitioner's delay of years to challenge his conviction indicated a lack of reasonable diligence). While he asserts that he was unaware of his right to appeal because the trial court and his attorney failed to inform him of it, "[c]ourts in this Circuit have recognized that when a petitioner has access to retained counsel, due diligence requires that he ask his counsel about his appellate rights. A period not greater than 90 days is a reasonable amount of time in which to inquire of counsel." *Baker v. Wilson*, No. 5:06 CV 1547, 2009 WL 313325, at *2 (N.D. Ohio Feb. 6, 2009) (citations omitted). Lane has not demonstrated that he asked his attorney about his right to appeal. There is no evidence that Lane attempted to learn of his rights in the more than five years between his conviction and the review of his legal documents at Marion Correctional Institute. Moreover, there is no evidence Lane was unaware of the one-year limitations period in which to file a habeas petition. *See Steward*, 555 F. Supp. 2d at 871–72 (concluding the petitioner was not entitled to equitable tolling where he

claimed he lacked notice of his right to appeal from his conviction but did not state he was unaware of the habeas deadlines). Additionally, Lane does not claim, and the record does not indicate, that Lane was actually innocent. Accordingly, Lane has not demonstrated that he is entitled to equitable tolling. His petition should, therefore, be dismissed as untimely.

## VI. Certificate of Appealability

### A. Legal Standard

A habeas petitioner may not appeal the denial of his application for a writ of habeas corpus unless a judge issues a certificate of appealability and specifies the issues that can be raised on appeal. 28 U.S.C. § 2253(c) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."). The "'petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The granting of a certificate of appealability does not require a showing that the appeal would succeed on any claim. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

### B. Analysis

Lanes's habeas petition is barred by the statute of limitations. If the Court accepts the foregoing recommendation, then Lane has not made a substantial showing of a denial of a constitutional right. He would then not be entitled to a certificate of appealability. Thus, I recommend that the Court not issue Lane a certificate of appealability.

## VII. Recommendation

Lane's habeas petition is time barred. Thus, I recommend that the Court DISMISS Lane's petition and not grant him a certificate of appealability.

Dated: January 20, 2022

                                         s/ *Carmen E. Henderson*
                                         CARMEN E. HENDERSON
                                         U.S. MAGISTRATE JUDGE

_____

OBJECTIONS

      Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *Berkshire v. Beauvais*, 928 F.3d 520, 530–31 (6th Cir. 2019).