**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| DEMARIO LANE, | ) | CASE NO. 1:20-CV-00453 |
|  | ) |  |
| Petitioner, | ) | JUDGE DONALD C. NUGENT |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| WARDEN LYNEAL WAINWRIGHT, | ) |  |
|  | ) | ORDER ADOPTING REPORT |
| Respondent. | ) | AND RECOMMENDATION |
|  | ) |  |

This Matter comes before the Court upon the Report and Recommendation of Magistrate Judge Carmen E. Henderson. Petitioner, Demario Lane ("Mr. Lane"), pro se filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 on February 19, 2020. (ECF #1). Mr. Lane asserted one ground for relief in his petition. Mr. Lane argued that he was not advised of his right to appeal his conviction after entering a guilty plea, that he was not allowed allocution, and therefore his sentence violated Ohio Rev. Code § 2941.25(A). (ECF #1).

On January 20, 2022, Magistrate Judge Henderson issued a Report and Recommendation. (ECF #14). She recommended that Mr. Lane's petition be DENIED. Magistrate Judge Henderson found that Mr. Lane's habeas petition was barred by the statute of limitations. On July 13, 2013, Mr. Lane pled guilty to one count of aggravated robbery in violation of Ohio Rev. Code § 2911.01(A)(1) and one count of involuntary manslaughter in violation of Ohio Rev. Code § 2903.04(A). On December 18, 2013, Mr. Lane was sentenced to twenty years imprisonment. Almost six years later, on August 19, 2019, Mr. Lane filed a pro se notice of appeal and

subsequently filed a motion for leave to file a delayed appeal. This motion was denied by the Eighth Circuit District Court of Appeals of Ohio on September 25, 2019. (ECF #10). On October 8, 2019, Lane filed a notice of appeal in the Ohio Supreme Court. The Ohio Supreme Court declined to accept jurisdiction of the appeal on January 21, 2020. (ECF #10). Mr. Lane then filed his habeas petition on February 19, 2020. (ECF #1).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for federal habeas petitions filed by state prisoners, which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Mr. Lane was therefore required to file his petition one year after his state court convictions became final. Mr. Lane's conviction was finalized on January 7, 2014 giving him until January 7, 2015 to file a habeas petition. Mr. Lane did not file his petition until 5 years after the statute of limitations had run. Magistrate Judge Henderson correctly concluded that Mr. Lane's motion for leave to file a delayed appeal did not affect the timeliness of his habeas petition.

Under AEDPA, a petitioner may be entitled to equitable tolling if he can show that "(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstances stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Alternatively, a credible showing of actual innocence is grounds for a court to grant equitable tolling. *Steward v. Wilson*, 555 F. Supp. 2d 858, 870-71 (N.D. Ohio 2006). Magistrate Judge Henderson found that Mr. Lane had failed to show reasonable diligence because: (1) he waited more than five years before having his case reviewed; (2) he did not demonstrate that he asked his attorney about his right to appeal; and (3) he did not demonstrate that he was unaware of the one-year statute of limitations for habeas corpus petitions. Magistrate Judge Henderson also found that the

record did not indicate nor did Mr. Lane claim that he was actually innocent. As a result, Magistrate Judge Henderson concluded that Mr. Lane was not entitled to equitable tolling and that his petition should be dismissed as untimely.

No objections were filed to the Magistrate Judge's Report and Recommendation. Federal Rule of Civil Procedure 72(b) addresses the standard of review when objections have been made to a magistrate judge's report but does not indicate the appropriate standard of review when no objections have been made. The Advisory Committee on Civil Rules has stated that "[w]hen no timely objection is filed, the court only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Gray v. Kelly*, No. 1:10CV1103, 2011 U.S. Dist. LEXIS 42157, at *9-10 (N.D. Ohio Apr. 19, 2011) (quoting Fed. R. Civ. P. 72 Advisory Committee's notes). The Court has reviewed the record and the Report and Recommendation (ECF #14) and has found no error.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. For the reasons stated above, the Court concludes that Mr. Lane has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

The Court has reviewed the Report and Recommendation and has considered the pleadings, motions, and filings of the parties. Magistrate Judge Henderson has correctly determined that Mr. Lane's petition be denied. Therefore, the Report and Recommendation (ECF # 14) is hereby ADOPTED. Accordingly, Mr. Lane's petition is DENIED.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
Donald C. Nugent
United States District Judge

DATED: March 30, 2022